Filed 7/15/22 P. v. Hom CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KOSAL HOM, Defendant and Appellant. | C094829 (Super. Ct. No. CRF19002277) |

Appointed counsel for defendant Kosal Hom asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On September 24, 2019, M.M. obtained a domestic violence restraining order protecting her from defendant. The following day, defendant broke into M.M.'s home using a "knife or tool." Defendant repeatedly told M.M. to "drop the restraining order." He also said, " 'I've been plotting to kill you all day.' " M.M. persuaded defendant to put

1

the weapon down and he put it in his pocket. A neighbor heard the commotion and called 911.

When law enforcement arrived, they announced themselves while knocking on the front door. Defendant attempted to hide M.M. in a closet but when he heard law enforcement breaking through the front door, he told M.M. to open the front door while he hid in the attic. M.M. complied and let law enforcement in.

Once inside, law enforcement repeatedly ordered defendant to come out. After thirty minutes, defendant remained hidden; law enforcement went outside to use the public address system on their patrol car to order defendant out of hiding. Soon after, they heard a large crash inside the home, they went inside and saw defendant had fallen through the ceiling into M.M.'s bedroom.

Defendant was arrested and the People subsequently charged him with numerous criminal offenses including first degree residential burglary of an inhabited dwelling (Pen. Code, § 459). The People further alleged defendant personally used a dangerous weapon during the commission of his crimes. (*Id.,* § 12022, subdivision (b)(1).)

On March 9, 2020, defendant pleaded no contest to the burglary charge and admitted the dangerous weapon use allegation. In exchange for his plea, the People agreed they would move to dismiss the remaining charges and allegations. The parties also agreed defendant would not immediately be sentenced to state prison.

Prior to sentencing, the Probation Department (the Department) submitted a report noting, among other things, that defendant was statutorily ineligible for probation absent a finding of unusual circumstances. The Department concluded the seriousness of the offense outweighed any factors that may support a finding of unusual circumstances. The Department recommended that the trial court reject the plea offer and sentence defendant to prison.

The trial court found the case presented unusual circumstances, suspended imposition of sentence, and placed defendant on five years of probation with numerous

terms and conditions. The trial court advised defendant that if he did anything wrong he could serve up to seven years in state prison. Defendant said he understood. The trial court ordered defendant to serve 325 days in county jail but gave him credit for time served. The trial court dismissed the remaining charges, imposed various fines and fees, and found defendant had the future ability to pay those fines and fees.

On November 3, 2020, the Department petitioned the trial court to revoke defendant's probation, alleging numerous probation violations, including failure to report to probation as directed, failure to participate and complete educational, therapeutic, or psychiatric treatment, and failure to complete a 52-week batterer's treatment program as directed. Defendant subsequently admitted the violations.

Following defendant's admissions, the trial court refused to reinstate defendant on probation. The trial court observed that at the initial sentencing, the Department recommended the trial court reject the plea due to the seriousness of the crime but the trial court gave defendant an opportunity on a grant of probation which defendant failed. The trial court sentenced defendant to an aggregate term of five years in state prison. The trial court reiterated the previously imposed fines and fees (staying those required by Assembly Bill No. 1869 (2019-2020 Reg. Sess.)), lifted the stay on the probation revocation fine, imposed but stayed a parole revocation fine, modified defendant's custody credits, and resolved pending misdemeanor and traffic cases.

Defendant appeals without a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
KRAUSE, J.